*ALBANY, January, 1823.*

NORTON
v.
RICH.

---

### NORTON *against* RICH.

*WENDELL* moved for an attachment for the non-payment of costs, against *Selden* and *Post*, to whom *Norton*, the plaintiff, had assigned a demand against *Rich*, for which a suit had been brought in the name of *N.* against *R.* and on a report of referees, a judgment was given in favour of *R.* against *N.* for 35 dollars. The affidavits stated that *Norton* was insolvent, and that the costs had been regularly taxed and demanded of the assignees of *N.*, who had refused to pay the bill.

*Though costs are not allowed to either party, on a motion to change the venue; yet they abide the event of the suit, and may be taxed after judgment.*

*L. Mitchell*, contra, objected, that the defendant should have applied before the cause was referred, or tried, to stay the proceedings until security was given for the costs. (13 *Johns. Rep.* 330.)

*Per Curiam.* That is a remedy which the party may have pending the suit; but he is, also, entitled to an attachment, after a judgment in his favour. The motion must be granted.

*Mitchell* objected, that items had been taxed in the bill for costs, on making a motion to change the venue in the cause.

*Per Curiam.* Although costs are not given on a motion

to change the venue in a cause, yet they abide the event, and the party may have them taxed, when final judgment is signed.

                                        Motion granted.