SCHOOLCRAFT and CHAPMAN *against* LATHROP.

AFTER verdict for the plaintiffs, they respectively obtained their discharge under statute of insolvency, after assigning all their property for the benefit of their creditors. The cause being noticed for argument on the part of the plaintiffs, upon a bill of exceptions taken by the defendant at the trial, costs filed, if his assignees are within the jurisdiction of the court.

It is well settled that where judgment is against the plaintiff in a suit carried on for the benefit of an assignee, the latter is liable for the costs.

The plaintiff taking the benefit of the insolvent act pending the suit, is no cause for staying the proceedings till security for

It was now moved that all proceedings on the part of th plaintiffs should be stayed, till security for costs filed.

Bracket
v.
Alvord     *I. Hamilton*, for the motion.

*S. S. Lush*, contra.

*Curia.*   The cases are not uniform upon this question.(*a*) But it is now the well settled practice, that where one is beneficially interested in the demand of the plaintiff, as assignee; and the suit is carried on for his benefit, upon judgment against the plaintiff, such assignee is liable for the costs ;(*b*) and their collection may be enforced by attachment.   This suit going on for the benefit of the assignees, who are within the jurisdiction of the Court, the security of the defendant is complete under that rule; and we deny the motion without costs.

                                           Rule accordingly.

(*a*) Vid. *Webb* v. *Ward*, (7 T. R. 292.)   *Ketcham* v. *Clark*, (4 John. 484.)
*Snow* v. *Townsend*, (6 Taunt. Rep. 123.)
   (*b*) See *Waring* v. *Baret*, (2 Cowen's Rep. 46.)