By the Court, Cowen, J.
There is no color for calling the order on Morgan a bill of exchange, requiring, therefore, a written acceptance within the statute. (1 R. 8. 757, 2d ed. § 6.) It is payable out of a particular fund; and, indeed, is not payable in money on its face. It is to pay rents, which may be due in wheat, fowls, or services,
*585 as well as money. It is an order to pay the quarterly rents; and with the oral explanation that the rent was pecuniary, it is a money order, accepted by parol, but sought to be revoked after acceptance and before payment. That could not be done. The order to Morgan was an equitable assignment of the rent in question to Warner, with notice to Morgan, who was bound to pay it according to the order, whether he had accepted or not. The cases are entirely decisive. (Israel v. Douglass, 1 H. Black. 239, 242.) Here Lord Loughborough said, in respect to an order like the one in question: “ This debt is with the consent of the parties assigned to the plaintiff, (the payee.) Douglass (the drawee) has notice of it, and assents, by which assent he .becomes liable to the plaintiff.” This case was recognized and strongly acted on in Weston v. Barker, (12 John. Rep. 279, 289.) Yeates v. Groves, (1 Ves. jun. 280,) is still more nearly in point. It held that an order without acceptance was an assignment, and that the drawee having notice merely, might pay it, even as against the bankrupt assignee of the drawer. Ex parte Alderson, (1 Mad. Rep. 53,) is also exactly in point. In Lett v. Morris, (4 Sim. 607,) such an order was enforced as an assignment, though the drawee refused to accept. (See also Clark v. Mauran, 3 Paige, 373. Bradley v. Root, 5 id. 632, 641, and the cases there cited.) I refer to cases in chancery to show, that an order for value is per se an equitable assignment to the payee of the debt due from the drawee to the drawer. Our own rules at law as to enforcing such an assignment are well known. We give it the same effect as would a court of chancery.(a)
*586 It follows, that the payment by Morgan to Warner, extinguished the rent, The distress was tortious, and the court should have directed a, verdict for the plaintiff below,
Judgment reversed.

 See Johnson v. Thayer, (5 Shepley, 401,) Legro v. Staples, (4 id. 252,) Adams v. Robinson et al. (1 Pick. 461,) Welch v. Mandeville, (1 Wheat. 233,) Mandeville v. Welch, (5 id. 277.) In the latter case, it was said, that the rule protecting an assignee, after notice, from the acts of the assignor, does not apply to cases where the assignment is only of part of a fund. And see Robbins v. Bacon, (3 Greenl. 346,) Tierman v. Jackson, (5 Pet. R. 580.) The contrary, however, has been held in this state. (Taylor v. Bates, 5 Cowen, 376. Wheeler v. Wheeler, 9 id. 34. Pattison v. Hull, id. 747.)