Mr. Justice Smith
delivered the opinion of the court.
This was an action of assumpsit founded on two promissory notes, made by plaintiffs in error, payable to the order of the defendant, Metcalf. Several distinct grounds of defence were presented under different pleas, one of which was to the effect, that after the commencement of his suit, plaintiff had transferred and assigned away to J. S. Chinowith & Co., the sum of money then due and owing on said notes; and “ that said plaintiff had not now any right, title, claim, or interest in or to the money yet due and owing on said notes, having parted with the same by said assignment. To this plea the plaintiff below demurred, and the demurrer being sustained, verdict and judgment were rendered for the amount due on the notes with interest. The exception to the judgment on the demurrer, raises the only question in the case.
*565 In Waggoner v. Colvin, (11 Wend. R. 27,) the plaintiff declared, as indorsee of a promissory note, against his immediate indorser. The defendant pleaded, that, before the commencement of the suit, the 'plaintiff had indorsed and delivered the note to J. S. and others. The plaintiff demurred, and the plea was adjudged good, but the court said, if the suit is brought by J. S. and others in the name of the plaintiff, that should be shown by replication, and it would be a good answer to the plea. And in the case of Mauran v. Lamb, (7 Cov. 176,) it was holden that a mere agent without legal title to, or interest in, the money of a note payable to bearer, could sue on it for the use of the real owner. It is difficult to reconcile these decisions with principle, and if they are regarded as entitled to any .weight as authority, they must be held exceptions to the rule repeatedly recognized by this court, that a legal title in the plaintiff to the matter in controversy, is the necessary foundation of every action at law. Wilson v. McElroy, 2 S. & M. 249.
As a legal title is the necessary foundation of every legal action, it is unimportant at what point of time that title has been divested. It is essential that the plaintiff, at the trial, should be able to show a good cause of action. Accordingly, in Hall v. Gentry, (1 A. K. Marsh. 556,) it was held, that a transfer of the legal title to the bond on which the action was founded, pending the suit, barred a recovery.
The question, then, which we have to consider is, whether the transfer and assignment of the money due on- the notes, was a transfer of the notes themselves, or an act equivalent thereto, by which the legal title to the notes became vested in Chino-with & Co.
The position assumed in support of the affirmative of this proposition is, if we understand it, that the legal title to an instrument for the payment of money, is an incident attached to and comprehended by the beneficial ownership of its contents. Hence it is inferred that an assignment of all the interest, right and title which one may have to the money due on a note, by necessary legal implication transfers the right and title to the *566 note itself. And in support of the argument, the cases of Harper v. Butler, and Bledsoe v. Fisher, (in 2 Peters, and 2 Bibb,) are referred to. These cases do not apply. In the former case, it was decided that choses in action were assignable by the statute of Mississippi, and the assignees could sue at law in their own names. It is not said in what mode the transfer in that case was made; but is fairly inferrable, that the assignment was made by indorsment on the note. In the latter, the question was whether the assignment, which was evidently indorsed on the note, was sufficient in point of legal form, under the statute of Kentucky, to transfer the note; and not, as it is insisted, whether the mere assignment of the money due on it, would convey the legal title. The argument inverts the true position. The party holding the legal title is prima, facie the' beneficial owner of the contents of a note, and these are always presumed to pass with a transfer of that title, as the obligation to pay the money is the result of the contract between the maker and payee, the evidence of which is the note.
The right to dispose of this species of property, and the mode in which it may be transmitted, are regulated by the positive provisions of the law. Under the law merchant, negotiable instruments were assignable by indorsement. These, with some few other securities, constituted the only exceptions to the general rule of the common law, that choses in action were not assignable. Fonb. Eq. b. 1, ch. 4, s. 2, note g; 2 Story, Eq. SO5. Thus stood the general law on this subject, until the adoption of the statute of Mississippi, which is found in Hutch. Dig. 641, sec. 9. The notes in question were not assigned by indorsement. Chinowith & Go. therefore did not acquire the legal title to them by any provision of the law of merchants, nor by any principle of the general law recognizing the assignment of these securities.
It is true, however, that before the adoption of any statutory regulation on the subject, either here, or in England, assignments of the various classes of choses in action were recognized and upheld by courts of equity. The ancient restrictions imposed by the common law, were, in effect, repealed within the *567 range of their jurisdiction, by the effective protection and assistance which they gave to the assignees, by allowing them to use the names of their assignors for the purpose of collecting the debts, &c. 2 Story, Eq. 305. And courts of law, in this respect, but to a more limited extent, adopted the rules of equity. They recognized the rights of these assignees, and gave them every aid not inconsistent with their settled modes of proceeding. Welch v. Mandeville, 1 Wheat. 233. But in all these cases the distinction between the legal title and the equitable right was rigidly observed. Hence in no case at law, was the mere equitable assignee permitted to sue in his own name, but was always compelled to use that of his assignor, in whom, according to settled doctrine, the legal title was held to remain. 1 Wheat. 232, note. And it was upon the ground of this settled distinction, and on that of the trust, which was held to exist on the part of the assignor, that in cases of assignments by deed of money securities, equity assumed jurisdiction ; especially in cases where there was no party in being in whom the legal title existed. Hence, independent of the restriction imposed by the general law, it is obvious, that the principles on which equity assumed jurisdiction in these cases of assignment, and the mode in which they were noticed at law, are in direct conflict with the assumption that an assignment of the money in these notes vested the legal title thereto in Chinowith & Co.
The statute above referred to, in Hutch. Dig. 640, directs that “All bonds, obligations, bills single, promissory notes, and all other writings for the payment- of money, or any other things, shall and may be assigned by indorsement, whether the same be made payable to the order or assigns of the obligee or payee, or not.” An assignment under the provisions of this statute, vests the assignee with the legal title to the instrument assigned, as it expressly authorizes him to sue at law in his own name. It enlarged both the rights of holders and assignees, and placed the instruments enumerated in some respects on the same footing with commercial paper. The form in which the assignment should be made is not prescribed; and perhaps no particular form would be deemed essential; but it cannot be doubted, that *568 it was the intention of the legislature that the assignment should be made on the instrument, and purport a transfer of the same. The method prescribed by the statute for the transfer of these instruments, is the only mode by which the legal title can be conveyed. Bacon v. Cohea, 12 S. & M. 516. And as a transfer of the money due on a note cannot have a greater effect than an assignment, by deed, of the note itself, this point was settled in the case of the Grand Gulf Bank v. Wood et al., 12 S. & M. 483. In that case the note had been assigned, by deed, and it was holden by this court that the assignees took only an equitable interest, as the assignment by deed was equivalent to a transfer by delivery.
Another objection is urged, admitting that the legal title to the notes was not transferred; it is contended, that the plea shows Metcalf to have no interest in, or right of any kind to, the subject-matter of the suit; and that it does not appear in anyway, that the suit is prosecuted by or for the use of the parties, shown by the record to have the beneficial interest therein, and hence it is insisted that the demurrer should have been overruled.
Perhaps a sufficient answer to this objection may be found in the peculiar circumstances of this case. The assignment was made pending the action, and in the absence of any averment, showing that it was not prosecuted by them or for their use by the assignor, the contrary would be the legal presumption. But the exception appears to arise from a misconception of the state of the-pleading. The averment in the plea, that “plaintiff has not now any right, title, claim, or interest, in or to the money due on said notes,” is based on the preceding allegation, that “ plaintiff had transferred and assigned away to Chinowith & Co., the money, &c.” The averment stated a conclusion drawn from the premise contained in the allegation, and as it did not allege any additional fact, could not extend the legal effect of the allegation. The record does not show that the makers of the notes ratified the transfer, or in any way, by direct or implied assumpsit, engaged to pay the money to the assignees. The assignees could not, therefore, sue at law by *569 virtue of the assignment. Tiernan v. Jackson, 5 Peters, 597; 5 Wheat. 286. But by the assignment, a trust relation was created between them and their assignor, who, subject to their equitable lien on the contents of the notes, retained the perfect legal right to sue for and collect the money. If Chinowith & Co. were doubtful of the faithful execution of the trust on the part of their assignor, their remedy was by bill in equity, to compel a direct payment by the makers of the notes to them.
Let the judgment be affirmed.