## Amos W. Pitts *vs.* Aaron Holmes.

Damages for the flowing of land are not pleadable in set-off, unless they have been liquidated by agreement, and are offered in proof as on contract.

A witnessed note continues to be saved by the statute in the hands of the assignee of an insolvent debtor, or the indorsee or assignee of such assignee.

A negotiable promissory note, passing lawfully by force of the statute into the hands of the assignee of the promisee, who was an insolvent debtor, was by the assignee sold to the original promisee, and sued by the latter in the name of the former. *Held*, that the action could be maintained in this form.

The assignee of a chose in action has a right to sue the same in the name of the assignor, with his consent.

THIS case was tried in the court of common pleas before *Merrick*, J. and came up on exceptions by the defendant, to the rulings and instructions of the judge.

The facts are set forth in the opinion of the court.

*S. H. Allen*, for the defendant.

*H. Chapin*, for the plaintiff.

CUSHING, J. The bill of exceptions, with the additions thereto suggested by the defendant's counsel in the argument at bar, and admitted by the plaintiff's counsel, presents the following case :

On the 24th of March, 1838, Aaron Holmes made his promissory note for $375.36, payable to Sylvanus Holbrook, or his order, on demand, with interest, and witnessed.

On the 15th of May, 1841, said Holbrook filed his petition for the benefit of the act for the relief of insolvent debtors, *St.* 1838, *c.* 163, and Amos W. Pitts was duly appointed his assignee.

Action was commenced on this note by writ, dated the 17th of April, 1850, which is the writ before us, out of which arise the legal questions here at issue.

The defendant pleaded the general issue, and for specifications of defence, alleged, among other matters : 1. That the property in the note, at the time of suit, was in Holbrook, the original payee, and not in Pitts, the assignee, and 2. The statute of limitations.

Two trials in the case have been had in the common pleas, in the first of which there was a verdict for the defendant; and that court, in granting a new trial, imposed as a condition, that the defendant should be allowed to file an account in set-off to which the plaintiff should not apply the statute of limitations.

At the second trial, it did in fact appear in evidence, that

the note was, at the time, the property of Holbrook, having been purchased by him of the assignee; but the presiding judge, *Merrick, J.* ruled that if Holbrook did purchase said note and was the owner thereof, he could legally, with consent and permission of Pitts, maintain an action thereon in the name of Pitts as assignee, but for the benefit of himself.

The defendant also filed and relied upon his account in set-off, which account consisted of items of annual damage, for a series of years, claimed for the flowage of the defendant's land by the mill-pond of Holbrook; on which the judge ruled that the defendant could not avail himself in this action of those items, unless the damages had been agreed upon, or unless there had been an agreement between him and Holbrook that the claim for damages should be applied in set-off towards the discharge and satisfaction of the note. Whether there had been any such agreement was a question of fact submitted to the jury.

Upon the whole matter, a verdict was found for the plaintiff.

1. In considering the questions presented by the record, or by the agreement of the parties, we begin with the question of set-off.

We do not perceive any cause of exception to the ruling of the court in this point; or at all events, the ruling was abundantly favorable to the defendant.

Annual or other damages for the flowing of land cannot be considered as within the statutes of set-off. It is not a demand founded upon a judgment or upon a contract; it is not for the price of real or personal estate sold, or for money paid, money had and received, or for services done; it is not for a sum that is liquidated or one that may be ascertained by calculation. Rev. Sts. *c.* 96, §§ 2, 3. On the contrary, it is a claim unliquidated sounding in tort. *Jarvis* v. *Rogers*, 15 Mass. 398.

2. The question of the statute of limitations, though not regularly presented by the record, we dispose of, nevertheless, on the authority of the case of *Drury* v. *Vannevar*, 5 Cush. 442, and the cases on which that was founded, of

*Hodges* v. *Holland,* 19 Pick. 43, and *Sigourney* v. *Severy,* 4 Cush. 176. Of these cases, the latest in point of time is particularly applicable to the present one, as deciding the very point that a witnessed note continues, in the hands of the assignee of a bankrupt, to survive the six years of general limitation, and a note so situated will be saved by the statute equally as if still in possession of the original promisee. Rev. Sts. *c.* 120, § 4.

3. There is more difficulty in the remaining question, namely, the fact of the action being brought in the name of Pitts, though it be actually the property of Holbrook. But we incline to think, on the whole, that the ruling in the court of common pleas was correct.

The language of the statute concerning the transfer of the property of the insolvent debtor to his assignee, is exceedingly comprehensive and absolute. The assignment by the master vests in the assignee all the property real and personal, which the insolvent debtor could, by any way or means, have lawfully sold, assigned or conveyed, with all debts due to him or to any person for his use ; it gives to the assignee all the like remedy to recover the estate, debts and effects of the insolvent debtor in his own name, which the insolvent debtor might have had but for the assignment ; and in all suits prosecuted by the assignee for any debt, demand, right, title or interest due or belonging to the insolvent debtor, the assignment is to be deemed as conclusive evidence of the assignee's authority to sue. *St.* 1838, *c.* 163, § 5. It would not be easy to add to the cumulative strength of expression by which the statute thus provides for vesting in the assignee all the property, and all the rights of action, of the insolvent debtor.

Now, after the property and the rights of action of the insolvent debtor have thus passed to the assignee, and he comes to make sale of the property, we are not aware of any rule of law, which forbids the assignee to sell any part of the estate, real or personal, to the insolvent debtor himself. Or, at any rate, if there be any thing impeachable in such a sale, it would seem to be a question which lies between the assignee or the insolvent debtor and his creditors only.

In the case of *Drury* v. *Vannevar*, the judge, who pronounced the opinion of the court, intimated a doubt whether the action could have been brought in the name of the assignee; but the doubt there is to be confined to the conditions of the particular subject, which was of an assignment under the act of congress for the establishment of a uniform system of bankruptcy in the United States. Act of 1841, *c.* 9, § 3; (5 U. S. Stats. at Large, 442.)

Here, the doubt is precluded by the comprehensive terms of our statutes for the relief of insolvent debtors. It must be conceded, therefore, that, if still the property of the assignee as such, the note could be sued in his name.

Then, would it be any answer to a suit on the note in the name of the assignee, that he had sold it to another person, who was employing the name of the assignee as record plaintiff?

Undoubtedly, the ordinary form of transfer, for a negotiable promissory note, is by indorsement, with right of action by the indorsee in his own name; but there is nothing to prevent the holder of a negotiable security from transferring it by delivery or otherwise, but so as to make it suable only in his own name; Story on Bills, § 201, and note; in which case the security occupies the position of a chose in action not negotiable, on account of goods sold and delivered for instance, but is not less the property of the vendee. *Grover* v. *Grover*, 24 Pick. 261; *Parker* v. *Grout*, 11 Mass. 157.

Whatever may have been the rigor of the old law, which assumes that for avoiding maintenance a chose in action cannot be assigned or granted over to another, Co. Lit. 214 a 266 a, the contrary is now clearly held, as well in England as in the United States. The English law on this point is very amply illustrated by Sir Francis Buller, in the case of *Martin* v. *Miller*, 4 T. R. 340; and the cases of *Welch* v. *Mandeville*, 1 Wheat. 233, and *Mandeville* v. *Welch*, 5 Wheat. 277, which decide that a nominal plaintiff, suing for the benefit of his assignee, cannot, by a dismissal of the suit under a collusive agreement with the defendant, create a valid bar against any subsequent suit for the same cause of action, indicate the

spirit which pervades the American cases. See the cases in 1 Phillips's Evidence, by Cowen and Hill, 90, note 172, and in Chitty on Bills, by Perkins, 8, and notes.

Questions of this class are continually springing up in the United States and in Great Britain, under the bankrupt and insolvent laws, which constitute so prominent a feature of their commercial policy; and though adjudications, in each country, are more or less modified by particular provisions of statute, yet all the decisions tend to give legal effect to the equitable rights of the true owner of a chose in action. See 1 Stephen's Nisi Prius, Banker, 9.

We think, as a general rule, it is a right of the vendee, incidental to the sale of a chose in action not negotiable either in form or in fact, to sue in the name of the vendor. *Grover* v. *Grover*, 24 Pick. 261. Otherwise, the vendee would be without remedy as against the debtor of the chose in action. At any rate, it is for the vendor of the chose in action to object, on account of the costs or for any reason, to such use of his name, not for the debtor.

Is the present case to be excepted from the general rule, because of the fact, that the beneficial property of the note has revested in the original payee? How should this fact work such exception? Certainly the sale of the note to the original promisee is no extinguishment of the debt or discharge of the promisor. It is a subsisting unpaid note still demandable of the maker. It would be demandable in the name of the assignee for his own use. It would be demandable in his name to the use of any stranger to whom he might have lawfully conveyed it. Why not equally demandable in his name to the use of the payee? No satisfactory reason for thus distinguishing against the original payee has been suggested in argument; nor do we perceive any.

In the supposition of the existence of any sufficient cause of so distinguishing against the original payee, and depriving him of the common right to use the name of the assignee, we should be disposed to look for it in some consideration of the equities subsisting between the original parties to the note, and subject to which it passed into the hands of the assignee.

For, as intimated in the case of *Clark* v. *Parker*, 4 Cush. 361, which touches the present in some points, the court would not allow a defendant to be prejudiced in this respect by the form of action. It does not appear that this defendant was deprived at the trial of any proper equity. He was permitted to try the question of set-off in all its possible amplitude.

Allusion was made in argument to the possible bearing of the present form of action on the question of the competency of evidence of Holbrook's declarations. Of this nothing appears on the record. If the question was made at the trial, we are to presume, therefore, that however decided, it was decided properly; otherwise it would have been made a ground of exceptions. In the present state of the law as to the relation of nominal parties, and parties in actual interest, and the rules of evidence as affected thereby, we see nothing to induce a change of the general conclusions, to which, in other respects, the consideration of this case leads the mind. 1 Greenl. Ev. § 173, note.

These conclusions are in accordance with what the court has lately decided in another case, that of *Stone* v. *Hubbard*, 7 Cush. 595, that the purchaser from the assignee of the payee, of a negotiable note not indorsed, may maintain an action thereon in the name of the original payee, the latter not objecting. In that case, as well as in *Drury* v. *Vannevar*, the disposition of the court has been, as in the present case, to protect the *bonâ fide* holder of a chose in action, so far as the same may be done, compatibly with technical principles of law, and the rights of other persons; and the result of the whole is, to settle, that a promissory note or bill may be sued in the name of the assignee of the insolvent debtor, or of the original payee, or of any *bonâ fide* indorsee or assignee, subject to all the appropriate equities.

The exceptions in the present case are overruled, and judgment is to be entered on the verdict.

*Exceptions overruled.*