## MARTIN MONAHAN v. MINER C. STORY.

A claim for unliquidated damages, upon the breach of contract to employ and pay, is assignable.

An action thereon must be prosecuted in the name of the assignee.

Such a claim is a chose in action.

Where, after a revolt by laborers employed by a railroad company, one of the men, with the acquiescence of the superintendent, returned and resumed work; *held*, that the superintendent could not afterwards discharge him and terminate the contract, there being no recurrence of misconduct on the part of the laborer.

THE complaint in this action alleged, that the defendant, being a contractor on the Panama Railroad, entered into an agreement with one Barthley Monahan, to labor on that road as a carpenter, for a specified time, and upon terms which were set forth; that, after working for a few days, an agent, superintending the road, discharged him, without cause, whereby he was thrown out of employment, and subjected to damages in an amount stated; and that his claims for such damages and for wages earned had been assigned to the plaintiff. The answer alleged, that Barthley had himself violated the contract, by uniting with other laborers in a revolt.

It appeared from the evidence, that after combining with others to abandon the work, Barthley, with the acquiescence of the superintendent, had returned and resumed it, but was soon afterwards dismissed. There was no proof of renewed misconduct. The Marine Court gave judgment for the plaintiff. The defendant appealed.

*John Graham*, for the plaintiff.

*Charles L.* and *Erastus C. Benedict*, for the defendant.

BY THE COURT. DALY, J.—A claim for damages for a

breach of contract is assignable. In a recent case, (*Parsons* v. *Woodward*, 2 N. J. 196,) it was held, that a contract to deliver certain trees was assignable, so as to authorize the assignee to maintain an action in the name of the assignor. A claim thus arising from a breach of contract is a chose in action, (1 Burrill's Law Dic. 213; 1 Chitty's General Practice, 99 and note;) and that a chose in action is assignable has been repeatedly held, (*Wheeler* v. *Wheeler*, 9 Conn. 34; *Dey* v. *Cobb*, 4 Mass. 511; *Parker* v. *Grant*, 11 Mass. 157, note; *Eastman* v. *Wright*, 6 Pick. 316; *Welch* v. *Mandeville*, 1 Wheaton, 236; *Comegys* v. *Vasse*, 1 Pet. 193,) and the only restriction connected with the assignment was that the action had to be brought in the name of the assignor. This was removed by the provision of the Code which requires every action to be brought in the name of the real party in interest; a provision declared not to be applicable to or rather not to authorize the assignment of a thing in action not arising out of a contract. As the law, therefore, now stands, a claim for a breach of contract is assignable, and the action for the recovery of damages may be brought in the name of as well as for the benefit of the assignee.

Monahan proved that he was discharged by the defendant's agent when the job upon which he was engaged was finished, the agent telling him that he did not want any more men, and to go and look for a job. Dalton proved that there was a refusal to work, or revolt among the carpenters, and that he discharged him in consequence of it. That is, he says he communicated to the general agent, at Navy Bay, his reasons for discharging him; that it had been his intention, if he had not turned out, to keep him to work, as he had work for three or four carpenters. If he had been discharged upon his refusing to work, he would have had no claim upon the defendant; but the testimony of the witness renders that fact doubtful, inasmuch as he was unable to say whether Monahan went to work again or not; and Monahan testifies that he worked until the job was completed, and that the reason given by Dalton for discharging him was, that he did not

want any more men. If he had returned again to work, with the knowledge and acquiescence of the agent, the agent could not afterwards put an end to the contract by dismissing him. The justice must be regarded as finding that he was not discharged upon his refusing to work, and upon the testimony, as it stood, an appellate court should not interfere with his finding upon such a point.

How or in what way the justice arrived at the amount of damages, does not appear by the return. The evidence, as returned, is, that Monahan arrived at the isthmus on the 29th of October, 1852, and that he returned to the city, arriving on the 12th of December, 1852, and left on the 20th of October. This is evidently a mistake in the return. The proof probably was, that he left on the 20th of November. If he arrived on the 29th of October, and left on the 20th of November, he was twenty-two days on the isthmus, and twelve and a half days of this time he worked for the railroad company, for which time his assignee has no claim upon the defendant. By his own evidence, it appears that he worked for eight days. For these days he could recover $16, and his passage, $30—$46, with interest from the 1st of December, $3 72—in all $49 72; and if the plaintiff consent, within ten days, to reduce the verdict to that amount, judgment will be affirmed to that extent, without costs; otherwise it is reversed with costs.

Ordered accordingly.