## CARNAHAN *a.* POND.

*New York Common Pleas; General Term, October*, 1862.

LIABILITY OF ASSIGNEE FOR COSTS.—TRUSTEE OF EXPRESS TRUST.

The assignee of a demand in suit is liable, under Code, § 321, for costs in case of failure in the action, without regard to the fact that such assignment was by way of mortgage or security, or upon trust.

Section 317 of the Code—which exempts trustees of express trusts from personal liability for costs—is only applicable to actions where the plaintiff shows by his complaint that he seeks to recover in a representative capacity.

*It seems*, that to exempt the trustee of an express trust from personal liability for costs, it should appear that the prosecution was necessarily in a representative capacity.

A third person cannot be charged with costs, on the ground that he is, in part, owner of the demand sued upon, without notice to him.

Appeal from an order.

This was an action by Matthew K. Carnahan against Loyal S. Pond and Samuel Gilman. After judgment in favor of the defendants, they applied for leave to issue execution against E. W. Tiers & Co., as assignees of the demand in suit. It appeared that the plaintiff assigned his demand to Messrs. Tiers & Co. after suit, but before issue, as collateral security for several demands which they had against him. There was also an agreement on the part of the plaintiff, that one J. R. Dickerson should receive the surplus collected after satisfying the claim of Tiers & Co. The defendants' motion was granted, and Tiers & Co. appealed.

*Martin & Smith*, for the appellants.—I. E. W. Tiers & Co. are not liable under Code, § 321. 1. The cause of action *did not become their property*. 2. It was assigned to them merely as collateral security.

II. To make E. W. Tiers & Co. liable under the provisions of 2 Rev. Stat., 619, § 44, it must be shown *that they caused the action to be instituted*. The mere fact that they "occasionally inquired as to its progress, that they admitted themselves to be interested, and that they advised and urged the suit," is not enough to charge them with defendants' costs. (Whitney *a.* Cooper, 1 *Hill*, 629 ; Miller *a.* Franklin, 20 *Wend.*, 630.)

III. E. W. Tiers & Co., if liable at all, became "trustees of an express trust" within the meaning of section 113 of the Code. The claim was assigned to them in trust to pay several demands. When, pending an action, the cause of it becomes the property of another, the test of such person's liability for costs under section 321, is, Would he have been liable if he had brought the action? (Conger *a.* Hudson River R. R. Co., 7 *Abbotts' Pr.*, 255 ; *Code*, §§ 113, 317 ; Cunningham *a.* McGregor, 5 *Duer*, 648 ; Taylor *a.* Bolmer, 2 *Den.*, 193 ; Snow *a.* Green, 1 *How. Pr.*, 216.)

IV. The affidavits show that J. R. Dickerson owns an interest in the claim, and the order should be in any event so modified as to apportion the costs between him and E. W. Tiers & Co.

*Edward W. Crittenden*, for the respondent.—I. Tiers & Co. were beneficially interested in the recovery, and they prosecut-

ed the action, and they are liable under the statute. (2 *Rev. Stat.*, 619; Taylor *a.* Bolmer, 2 *Den.*, 193.)

II. To render Tiers & Co. liable, it is not necessary that they should have the whole property in the claim, or the entire interest in the recovery; any property in the claim, by assignment, or any interest in the recovery, together with the slightest active prosecution of the claim, render them liable, even if their interest were only by way of mortgage or lien. (Giles *a.* Halbert, 12 *N. Y.*, 32; Whitney *a.* Cooper, 1 *Hill*, 629; Bliss *a.* Otis, 1 *Den.*, 656.)

III. If defendants, during the pendency of the suit, had moved for a stay of proceedings and security for costs, the answer would have been, Tiers & Co. are liable. (Schoolcraft *a.* Lathrop, 5 *Cow.*, 17.)

IV. The following authorities are in point: 20 *Wend.*, 630; 10 *Ib.*, 622.

By the Court.*—Hilton, J.—It appears that soon after this suit was commenced, the plaintiff assigned all his interest in the claim involved in it to the appellants, E. W. Tiers & Co., as collateral security for the payment of an indebtedness to them. The assignment provided that after the extinguishment of the debt thus intended to be secured, any residue should be paid over to the plaintiff. Thereafter the action seems to have been prosecuted by or on behalf of Tiers & Co.; but for the purposes of this appeal it is quite immaterial whether it was so or not, as the acceptance of the assignment itself made them liable for the costs which have been recovered against the plaintiff. The Code (§ 321) imposes this liability upon the assignee in all such cases; and it makes no difference that the assignment was made by way of mortgage or as security (Whitney *a.* Cooper, 1 *Hill*, 629), or upon a trust (Schoolcraft *a.* Lathrop, 5 *Cow.*, 17), as the liability exists in either instance. Section 317 of the Code, which exempts trustees of an express trust from personal liability for costs, is only applicable to actions where the plaintiff shows by his complaint that he prosecutes in a representative character, and in that character seeks to recover (Murray *a.* Hendrickson, 6 *Abbotts' Pr.*, 96); and in such cases it seems that

---

* Present, Daly, F. J., Hilton and Brady, JJ.

it should also appear that the prosecution was necessarily in a representative capacity. (People *a.* Judges of Albany Mayor's Court, 9 *Wend.*, 486.)

It is insisted, however, that in any event the order appealed from must be modified, because the appellants allege in their affidavits used on the motion, that one J. R. Dickerson owns an interest in the claim sued upon; he being actually entitled to receive, instead of the plaintiff, any surplus which might come to their hands, over and above sufficient to pay their debt; and, therefore, the liability for costs must be apportioned between them and Dickerson. But a conclusive objection to this view is, that Dickerson does not appear to have had any notice of the motion or of an intention to charge him with the costs, and as he has not been brought regularly before the court, we can make no order respecting him.

Order at special term affirmed.

