Melick *v.* Executor of Melick.

GEORGE W. MELICK, an infant, by his next friend, John C. Felmly, *vs.* PETER W. MELICK, executor of Tunis Melick, deceased.

1. Where a bill is defective for want of proper parties, the appropriate remedy is a demurrer, or an objection at the hearing for want of parties, and not a petition to be admitted to defend the suit.

2. The residuary legatee is not a necessary party to a bill filed by a legatee or creditor to establish a claim against the estate of a testator; the executor alone is to be made defendant. He is the legal representative of the rights of the residuary legatee, and it is his duty to see them properly defended.

3. Where a bill is exhibited against an executor, involving the interests of the residuary legatee, and the executor is disqualified by his situation from representing the interests and protecting the rights of the legatee, he will be admitted to defend the bill in person. No answer or decree being sought against the legatee, the bill need not be amended to make him formally a defendant.

· 4. Complainant allowed ten days to amend his bill, by making the residuary legatee a defendant, if he so elect; otherwise, leave given to the legatee, within thirty days thereafter, to appear and answer the bill in its present form.·

The bill is filed to recover a donation *causa mortis*, alleged to have been made by the defendant's testator, Tunis Melick, to the complainant. Susan Trimmer, a daughter of the testator and his residuary legatee, by her petition, asks to be admitted to defend the suit.

*Mr. B. Vansyckel,* for petitioner.

*Mr. E. T. Green,* for complainant, contra.

Cases cited by petitioner's counsel. *Pence* v. *Pence,* 2 *Beas.* 257; 1 *Daniell's Ch. Pr.* 301; *Wilkinson* v. *Perrin,* 7 *Monroe* 217; *Pritchard* v. *Hicks,* 1 *Paige* 270; *Story's Eq. Pl.,* § 140; *Ibid.,* § 150.

Cases cited by complainant's counsel.

As to who are proper parties. 1 *Daniell's Ch. Pr.* 342; *Story's Eq. Pl.*, § 231; *Williams* v. *Russell*, 19 *Pick.* 162; *Wych* v. *Meal*, 3 *P. W.* 310, note 1; *Kerr* v. *Watts*, 6 *Wheaton* 550; *Snellgrove* v. *Baily*, 3 *Atk.* 214; *Ward* v. *Turner*, 2 *Vesey, sen.*, 431; *Tate* v. *Hilbert*, 4 *Bro. Ch. Cas.* 286; *Griffith* v. *Bateman, Finch* 334; *Calvert on Parties* 20, 21; *Mitford's Eq. Pl.* 135; *Anon.*, 1 *Vernon* 261; *Newland* v. *Champion*, 1 *Vesey, sen.*, 106; *Lawson* v. *Barker*, 1 *Bro. Ch. Cas.* 303; 2 *Peters' S. C. R.* 370; *Wainwright* v. *Waterman*, 1 *Vesey* 311; *Brown* v. *Dowthwaite*, 1 *Madd. Ch. R.* 242; *Hallett* v. *Hallett*, 2 *Paige* 15; *West* v. *Randall*, 2 *Mason* 181; *Lyon* v. *Tallmadge*, 1 *Johns. Ch. R.* 187; *Sedgwick* v. *Cleveland*, 7 *Paige* 287; *Cromer* v. *Pinckney*, 3 *Barb. Ch. R.* 466.

Residuary legatee cannot be made a party on petition. 3 *Daniell's Ch. Pr.* 1663; *Carow* v. *Mowatt*, 1 *Edw. Ch. R.* 9; *Foster* v. *Deacon*, 6 *Madd. Ch. R.* 59; *Ball* v. *Tunnard, Ibid.* 275; *Watts* v. *Crawford*, 11 *Paige* 470; *Bozon* v. *Bolland*, 1 *Russ. & Mylne* 69; *Sedgwick* v. *Cleveland*, 7 *Paige* 287; *Porter* v. *Cox*, 5 *Madd. Ch. R.* 80.

THE CHANCELLOR. The admitted facts of the case, as they appear upon the face of the bill and by the petition are, that the complainant is an infant of very tender years, that he is a son of the defendant, who is the sole executor of the testator's estate, and to whom the donation is alleged to have been made for the benefit of the complainant, and that the petitioner is the sole residuary legatee under the will of the testator.

The bill is not defective for want of proper parties. If it were so, a demurrer, or an objection at the hearing for want of parties, would be the appropriate remedy. It is well settled, that upon a bill filed by a legatee or creditor to establish a claim against the estate of a testator, the executor alone is to be made a defendant. The residuary legatee is not a necessary party. *Mitford's Eq. Pl., by Jeremy*, 170–

171; 1 *Daniell's Chan. Prac.* 301; *Story's Eq. Pl.*, § 140; *Calvert on Parties* 20.

The executor is the person constituted by law to represent the personal property of the testator, and to answer all demands upon it. He is the regular representative of all persons interested in the personal assets, who are bound by his *bona fide* acts, as far as third persons are concerned. *Story's Eq. Pl.*, § 141; *Mitford's Eq. Pl.* 165.

The executor is the legal representative of the rights of the residuary legatees, and it is his duty to see them properly defended. *Pritchard* v. *Hicks,* 1 *Paige* 273.

The petitioner admits that the residuary legatee is not a necessary party to the bill, but insists that under the special circumstances of the case, the executor is not qualified to represent her interests. It is evident that the residuary legatee has a direct interest in the event of the suit. She is in fact, the only party beneficially interested in the subject matter of the controversy, adversely to the claim of the complainant. The complainant is an infant child of the executor, and is under his legal control and guardianship. The donation is charged to have been made to the father for the benefit of his infant child. The bill charges that the executor does not deny its material allegations. The legal presumption is that the suit was instituted with the approbation of the father, if not, as the petition alleges, by his procurement. It is fair to presume, therefore, that he will neither dispute the facts upon which the complainant's claim rests, nor interpose any legal objection to the recovery of his claim. He does not stand in a position to represent the interests and protect the rights of the residuary legatee. In point of fact he has filed no answer to the complainant's bill, and has left the suit entirely undefended.

It is obviously proper, under such circumstances, that the residuary legatee should have an opportunity of defending her rights. She is ordinarily not a necessary party to the suit, because the law presumes that her interests will be represented and her rights protected by the executor. If he is

not in a situation to represent her interests fairly, and to make a full defence to the extent of her rights, she should not be compelled to rely upon his aid. A trustee will not be permitted to represent his *cestuis que trust* where their interests conflict.

A lunatic ordinarily sues only by his committee or guardian. But if the guardian has an interest adverse to that of the lunatic, he may sue by the attorney general, or by next friend specially appointed by the court. *Snell* v. *Hyat*, 1 *Dick. R.* 287; *Mitford's Eq. Pl., by Jeremy*, 104; *Story's Eq. Pl.*, § 64, *note* 2.

Though the executor in this case has no pecuniary interest of his own involved in the litigation, yet it is obvious that his feelings and inclinations as a father, and probably his sense of duty as an executor, may lean as strongly as his own personal interests would do, against the claim of the defendant.

The residuary legatee asks that she may be admitted in person to defend the rights which, in ordinary cases, the law entrusts to the care of the executor, on the ground that the executor is disqualified by his situation from discharging his duty in that behalf. She is clearly entitled to that privilege. It would be a reproach to the administration of justice, if the law were otherwise. It is the constant practice in courts of law, to permit the party beneficially interested to conduct or defend a suit in the name of the party to the record who has the legal right, and to prevent all interference by the latter with the just rights of the former. *Welch* v. *Mandeville*, 1 *Wheaton* 233; *Sloan* v. *Sommers*, 2 *Green's R.* 510.

In arriving at this conclusion, I lay out of view all charges of fraud meditated or practiced by the executor. I assume that the course pursued by him in the conduct of the suit has been adopted in good faith, and prompted by fair and honest motives. It is enough that the suit is undefended, that the petitioner is entitled to a full and fair defence, and

that the executor is not in a situation to conduct that defence, as the interests of the petitioner require.

The mode in which the legatee is admitted to defend is not material, provided the rights of all parties are properly guarded.   She cannot, with propriety, be admitted to defend in the name of the executor.   The complainant is entitled to the benefit of an answer from the executor, and to the admission of all the facts within his knowledge.   The executor owes a duty, moreover, to all parties interested in the personal estate, which he is authorized and required to discharge in consistency with his own views of right.   On the other hand, the petitioner, as has been said, is clearly not a necessary party to the bill.   No discovery is sought from, nor is any decree asked or needed against her.   The decree against the executor, will be as conclusive and effectual as if the residuary legatee was a party.   If the complainant were seeking an answer from, or a decree against the petitioner, clearly the bill must be amended in order to make the party formally a defendant.   *Andrews* v. *Solomon, Peters' C. C. Rep.* 356.   But as the petitioner simply asks to be admitted to defend the suit in its present form, the ends of justice will be answered by admitting her to appear and make defence, without an amendment of the bill.

Unless the complainant elect, within ten days, to amend his bill by making the residuary legatee a defendant, the legatee will be permitted, within thirty days thereafter, to appear and answer the bill in its present form, or make such equitable defence to the action as she may be advised.

Order accordingly.