Davenport v. City of Elizabeth.

CHARLES F. DAVENPORT, WHO SUES FOR THE USE OF JAMES B. IRWIN, v. THE CITY OF ELIZABETH.

An assignee, beneficially interested, suing in the name of his assignor, and failing in the action, is liable to defendant for costs.

On rule to show cause.

Argued at November Term, 1880, before Justices DIXON, REED and PARKER.

For the rule, *R. E. Chetwood.*

Contra, *T. D. Hodges.*

The opinion of the court was delivered by

PARKER, J.   An action was brought in the Supreme Court, in the name of Charles F. Davenport, (for the use of James B. Irwin,) against the city of Elizabeth.   Judgment was given for the defendants.   The cause was removed to the Court of Errors and Appeals, where the judgment was affirmed.

The costs of defendants in the Supreme Court and in the Court of Errors and Appeals amounted to $63.19.

Irwin, for whose use the action was brought, and whose name appears on the record, refused to pay the costs, and a rule to show cause why he should not be compelled to do so, was granted.   The motion now is to make the rule absolute.

It appears from the testimony taken under the rule, that Davenport, who originally owned the claim against the city, upon which the suit was brought, assigned the same to Irwin before the commencement of the action, for a valuable consideration.

The assignment is absolute, and is in these words, viz.:

" For value received, I do hereby transfer, assign and sell to James B. Irwin, of the city of Elizabeth, county of Union,

and State of New Jersey, all my right, title, and interest in and to a certain claim against the city of Elizabeth, amounting to $1119.80, with interest from the 22d day of January, 1875, the same being due me, on a payment by me made of an illegal assessment on real estate in said city of Elizabeth, then belonging to me.

" Elizabeth, New Jersey, August 13th, 1876.

" C. F. DAVENPORT.

" Witness: C. C. SUYDAM."

The question is, whether Irwin is liable to the defendants for their costs.

Cases in New York hold that the assignee, suing in the name of the assignor, if he fail in the action, may be compelled to pay costs to the defendant. *Schoolcraft* v. *Lathrop*, 5 *Cow.* 17; *Norton* v. *Rich*, 20 *Johns.* 475.

These decisions were made before there was any statute on the subject in that state.

The case reported in 5 *Cow.* decides that where one is beneficially interested in the demand of the plaintiff, as assignee, and the suit is carried on for his benefit, upon judgment against plaintiff, such assignee is liable for the costs, and their collection may be enforced by attachment.

In *Norton* v. *Rich*, 20 *Johns.* 475, Norton had assigned his claim against Rich to Selden and Post, who brought suit in the name of Norton and failed to recover. The court granted an attachment against Selden and Post for the costs.

Although there is no statute in this state awarding costs to defendant against one beneficially interested who unsuccessfully prosecutes in the name of his assignor, yet, on equitable grounds, he should be compelled to pay costs.

In *Belton* v. *Gibbon*, 7 *Halst.* 76, Chief Justice Ewing, in the opinion, uses the following language: " A court of law, will for certain purposes, notice an assignment, consider it valid, permit the assignee to commence and prosecute an action in the name of the assignor, but for his own use, and will

effectually protect his interests from the interference and control of the assignor."

In *Sloan* v. *Sommers*, 2 *Green* 509, the opinion of the court delivered by Chief Justice Hornblower, holds that Sloan, the assignor, was a mere trustee of Astley, the assignee, and only a nominal plaintiff, and that Sloan had no right to release the action and enter a retraxit without consent of Astley, the real plaintiff, and that the court would protect the rights of the assignee.

In *Welch* v. *Mandeville*, 1 *Wheat.* 233 ; *S. C.*, 5 *Wheat.* 277, the court held as follows :   " Courts of law, following in this respect the rules of equity, now take notice of assignments of choses in action, and exert themselves to afford them every support and protection not inconsistent with the established principles and modes of proceeding which govern tribunals acting according to the course of the common law."

Now, if courts of law will, upon equitable principles, exert themselves to protect the interests of assignees, although not named on the record, should not costs be awarded against them when unsuccessful?   Does not protection on the one hand imply responsibility on the other?

Irwin should pay defendant's costs.

The rule is made absolute, with costs.