### HISCOCK et al. v. TUCK.

(Supreme Court, Appellate Division, Fourth Department. November 13, 1907.)

1. COSTS—PERSONS LIABLE—ASSIGNORS AND ASSIGNEES.

Where the owner of certain bonds transferred a party's liability on the bonds merely for the purpose of collection, and thereupon the transferee sued such party to recover, and the complaint was dismissed, with costs, and the transferee was insolvent and afterwards died, the owner is liable for the costs, under Code Civ. Proc. § 3247, which provides that a person so beneficially interested is liable for costs as if he was the plaintiff, and that the court may order such person to pay them.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, § 390.]

2. SAME—REMEDIES FOR COLLECTION IN GENERAL.

The liability of a person beneficially interested for the costs of an action existed at common law, and hence Code Civ. Proc. § 3247, by giving a remedy for the enforcement of the liability, does not necessarily exclude other remedies, in the absence of express words.

3. SAME—ACTIONS.

Under Code Civ. Proc. § 3247, as at common law, the court may summarily direct the real party in interest to pay the costs of a suit; but this does not exclude an action for the costs when the summary proceedings would not be an adequate, effective remedy, and where the party in interest is out of the United States, and has been so for more than five years, and has designated no person upon whom papers might be served, under Code Civ. Proc. § 430, such an action may be maintained.

Appeal from Special Term, Onondaga County.

Action for costs by Frank Hiscock and others againt Edward Tuck. From an interlocutory judgment of the Supreme Court overruling a demurrer to the complaint, defendant appeals. Affirmed, with leave to defendant to plead over upon payment of costs.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Simpson, Thacher & Bartlett and Arthur S. Hamlin, for appellant.
Hiscock, Doheny, Williams & Cowie, for respondents.

WILLIAMS, J. The judgment should be affirmed, with costs, with leave to defendant to plead over on payment of the costs of the demurrer and of this appeal. The action is to charge the defendant with liability under section 3247 of the Code of Civil Procedure, and the question here involved is whether such liability can be established and enforced by action, or whether the sole remedy is by proceeding under the section of the Code. The section declares the liability, and provides the court may order payment; not that it must.

There is no question under this demurrer that the defendant is liable for the costs sought to be recovered. In 1897 he was the owner of bonds of the Sodus Bay & Corning Railroad Company, upon which the interest was over 20 years in arrears. He agreed with one Rudd that the alleged liability upon such bonds of one Magee should be transferred by defendant to Rudd, and that Rudd should prosecute an action against Magee's executors, and the recovery should be paid over to defendant, less the amount, to be retained by Rudd and his attorneys, for costs, services, and expenses. The transfer of the bonds was accordingly made, and the action was prosecuted, but resulted in a judgment dismissing Rudd's complaint, with $4,340.05 costs, on which execution was issued and returned unsatisfied. Rudd was insolvent and died. The executors of Magee assigned the judgment for costs to plaintiffs here, who were their attorneys in that action. Upon these conceded facts the liability of this defendant under this section of the Code clearly exists. If defendant was within the jurisdiction of the court, the remedy provided for in the section itself would very likely have been applied. The difficulty, however, in so doing was that the defendant was out of the United States, and had been for more than five years, and had designated no person upon whom papers might be served under section 430 of the Code of Civil Procedure. Therefore this action has been commenced.

This liability was one that existed at common law before the enactment of the Revised Statutes (2 Rev. St. [1st Ed.] p. 619, pt. 3, c. 10, tit. 2, § 44), and the provisions of Code Proc. § 321, and Code Civ.

Proc. § 3247, relating thereto. Waring v. Barret, 2 Cow. 460; Norton v. Rich, 20 Johns. 475; Schoolcraft v. Lathrop, 5 Cow. 17; Jackson v. Van Antwerp, 1 Wend. 295; Colvard v. Oliver, 7 Wend. 497. In such cases the statute, by giving a remedy for the enforcement of the right, does not necessarily exclude other remedies, except by express words. Platt v. Sherry, 7 Wend. 238; Irving v. Britton, 8 Misc. Rep. 208, 28 N. Y. Supp. 529. At common law, and under the Revised Statutes and the Codes, the remedy to enforce this liability has uniformly been a summary one, and an order to pay, enforced by attachment or proceeding for contempt. We are aware of no authority, however, holding that an action could not be maintained if the summary proceeding would not be an adequate, effective remedy, and our conclusion is that an action can be brought under such circumstances. Under conditions somewhat like those existing here, Judge Nelson in McDougall v. Richardson, 3 Hill, 558, said:

"The only question arising upon this demurrer is whether an action of debt may be maintained to recover a bill of costs, ordered to be paid by a court of common pleas, on the decision of a special motion. The usual remedy is by attachment, but here the party has gone without the jurisdiction of the court, and thus prevented a resort to that kind of process. I agree that it would be very unfit to entertain an action where it was in the power of the court making the order to enforce obedience by attachment. Neither necessity nor convenience call for the action in such a case. But where the defendant has gone beyond the jurisdiction of the court, and left it powerless in respect to the more appropriate and summary remedy, it is obvious that a failure of justice must ensue from the mere act of the delinquent party unless an action at law be permitted."

Apparently there is no reason why this recovery should not be had, unless it be that the remedy under the statute cannot be applied by reason of the absence of the defendant from the state and such remedy is the exclusive one. We are not willing to permit defendant's escape from the liability on such a ground.

Interlocutory judgment affirmed, with costs, with leave to the defendant to plead over upon payment of costs of the demurrer and of this appeal. All concur.