ALBANY,
Oct. 1827.

Curtis
v.
Patterson.

[*65]                    *CURTIS and CURTIS *against* PATTERSON.

On levying a *fi. fa.*, if the sheriff have reasonable ground of doubt whether the goods be the debtor's property, he is bound, if no indemnity be tendered by the creditor, to call a jury and try the title. If they find the goods are not the debtor's, the *fi. fa.* may then be returned *nulla bona*, and the sheriff is justified in making that return, unless an indemnity is then tendered. If it is, he is bound to proceed notwithstanding the finding of the jury. The creditor is never bound to tender an indemnity, till the jury have passed on the question of property. A sheriff acts at his peril in making a return of *nulla bona*, under any other circumstances.
The declaration of the creditor, or his attorney, that he would sell, let the jury find as they would, does not dispense with the necessity of calling a jury.

ON error to the C. P. of Monroe. The cause came here on a bill of exceptions taken by the plaintiffs below, who are also the plaintiffs in error. The facts material to the case are stated in the opinion of the court.

*S. Boughton*, for the plaintiff in error, cited 8 John. 185; 7 T. R. 170; 4 id. 633 to 648; 1 Burr. 20; 2 Tid. Pr. 921, 922, 929, 930, 737; 15 John. 147; 6 Com. Dig. Retorn, (F. 2.;) 12 John. 403.

*F. M. Haight*, contra, cited 8 John. 189; 4 T. R. 633; 4 Mass. Rep. 40; 7 id. 123; 8 John. 188; 1 Burr. 37; 15 John. 151.

*Curia, per* SUTHERLAND, J. This was an action on the case for a false return, brought against the defendant as sheriff of the county of Monroe. The suit was brought in the court of common pleas of that county; and exceptions were taken to the charge of the court, upon which the cause has been brought into this court by writ of error. The execution upon which the false return was alleged to have been made, was a *fi. fa.* in favor of the plaintiffs, against one James M. Christopher. Under that execution, the deputy of the defendant, by the direction of one of the plaintiffs, levied upon a horse, which was supposed to be the property of the defendant in the execution. After the levy, however, the deputy was informed by the father of the defendant in the execution, in whose stable the horse

then was, that he did not belong to James, but was the property of Joseph Christopher; and, in behalf of Joseph, forbid the deputy sheriff from taking away the horse; and told him that if the horse was sold, the sheriff, or whoever sold him, would be held responsible for it. Upon this, the deputy turned to one of the plaintiffs, who was present, and told him that he would not, or did not like to take the horse away, unless the sheriff was indemnified; and asked if he had better call an inquest to *try the title? and if he (the plaintiff) would indemnify the sheriff? To which the plaintiff replied, he had no doubt the horse was the property of the defendant in the execution; but that he would consult his attorney upon the subject, and let him know the result. The deputy, subsequently, and on the same day, saw the attorney, and asked him what he should do? and suggested that he had better call a jury of inquiry. The attorney replied, that the plaintiffs were determined to hold on to the property; and that they would indemnify the sheriff; that he might do as he pleased about calling a jury, and that perhaps it would be best; but that, however the jury might find, it would make no difference. Some time after this, and about three weeks before the execution was returned, the deputy met one of the plaintiffs and his attorney; and again asked them what he should do in relation to the inquest; that he was unwilling to have it remain in this way any longer; as the horse might be taken away. They replied that they were then going out of town, and that, on their return, they would attend to it. Receiving no instructions from the plaintiffs, the deputy stated all the facts to the sheriff, who directed the execution to be returned *nulla bona.*

Upon this part of the case, the court below observed, in their charge to the jury, that it was contended, on the part of the defendant, that he was not obliged to go on and sell property, the title to which was in dispute; but that he might return the execution *nulla bona,* unless the plaintiffs, upon being informed of the fact that the title to the property was disputed, should tender to the sheriff an adequate written indemnity. On the other hand, it was

ALBANY,
Oct. 1827.
———
Curtis
v.
Patterson.

[*67]

contended by the plaintiffs, that the sheriff was to act at his peril in returning the writ. If the return was false, he was liable; and if he had doubts in whom the property was, he might call a jury of inquiry; and if they found it not to be the property of the person against whom the execution was, then, and not till then, would the sheriff be justified in returning *nulla bona;* and then, and not till then, would the plaintiffs be bound to tender to the sheriff a written indemnity, *in order to make him liable, if he returned falsely. After thus stating the positions contended for by the respective parties, the court charged the jury as follows: That as it appeared that the plaintiffs' attorney informed the sheriff, that it was the intention of the plaintiffs to have the horse sold, however a jury might find, that superseded the necessity of calling, and rendered it useless for the sheriff to call a jury; and that, as the property was in dispute, if they believed from the evidence, that the sheriff informed the plaintiffs, or their attorney, that the title was in dispute, and requested an indemnity, then it was the duty of the plaintiffs to have tendered to the sheriff an adequate written indemnity, which, as they had not done, the defendant was justified in returning the execution *nulla bona.* And if they believed those to be the facts, they would find for the defendant; otherwise, for the plaintiffs. The counsel for the plaintiffs excepted to the opinion of the court; and the jury found a verdict for the defendant.

The court below appear to me to have erred in supposing that the declaration of the plaintiffs' attorney, that the plaintiffs intended to have the horse sold, whatever the jury might determine as to the question of property, dispensed with the necessity, on the part of the sheriff, of calling a jury; and that he had a right then to proceed as though a jury had been called, and found the property not to belong to the defendant in execution.

I understand the law to be this; that if a sheriff has reasonable grounds of doubt on the question of property, he is bound, if no indemnity is tendered to him by the plaintiff, to call a jury to try the title to the property. If they

find it not to be the defendant's in the execution, he is justified in returning the execution *nulla bona*, unless an indemnity is then tendered to him. If it is, he is bound to proceed notwithstanding the finding of the jury. But a plaintiff is never bound to tender an indemnity, until a jury have passed on the question of property. A sheriff acts at his peril in making a return of *nulla bona* under any other circumstances.

[*68]

*The declaration of the attorney that the plaintiffs would have the horse sold, although the jury might find that it did not belong to the defendant in the execution, did not change the case. In judgment of law, it amounted to no more than a declaration that they would, in such an event, indemnify the sheriff; for, by that means only, could they compel a sale of the property against the finding of the jury.

This is the law, as distinctly established and recognized by this court in *Bayley* v. *Bates*, (8 John. 188,) and *Van Cleef* v. *Fleet*, (15 John. 150,) and in *Farr* v. *Newman*, (4 T. R. 632, per Grose, J.; id. 948, per Ld. Kenyon, C. J.; 2 Tidd. 921, 2, S. P.)

In *Bond* v. *Ward*, (7 Mass. Rep. 126,) Ch. J. Parsons remarks, *obiter*, that the sheriff may insist on being indemnified, whenever there is any reasonable ground to induce him to believe that he may make a mistake in levying an execution. The English practice of calling a jury in such cases, probably does not exist in Massachusetts. It is clearly otherwise here.[1]

[1] A sheriff who levies on property and ruturns *nulla bona*, assumes upon himself the responsibility of proving property out of the defendant in the execution, and thus supporting his return. *Magne* v. *Seymour*, 5 Wen. 309.

*Prima facie* evidence of the falsity of the return is sufficient to put the sheriff upon proof of its correctness; the showing the defendant in an execution to be in possession of goods and chattels without proving the property in such goods to be in him, is enough to put the sheriff upon his defence when sued for falsely making a return of *nulla bona*. Ib.

It seems that a sheriff who, after a levy, becomes satisfied that the property in the goods levied upon is not in the defendant in the execution, may protect himself by calling a jury and obtaining their inquisition finding such fact. Ib. N. Y. Dig., vol. 4, p. 1096, Nos. 122, 123, 124.

ALBANY,
Oct. 1827.

This is the only point in the bill of exceptions in which there is any force. The judgment must be reversed, and a venire *de novo* go from the Monroe C. P.

