NEW-YORK,
May, 1831.

Platt
v.
Sherry

---

### PLATT vs. SHERRY.

*Case* lies against a *constable* for not levying an execution of the goods and chattles of a defendant when directed so to do, and instead thereof committing the defendant to prison ; the remedy is not *by action of debt* alone.
A *constable* may summon a jury to try the right to property, before making his return.
A plaintiff in an execution is not bound to tender a ₁*bond of indemnity* until after a jury have passed upon the question of property.
A *constable* is entitled to *double costs* when sued for acts done or omitted by him in his official capacity, and the plaintiff is nonsuited.

ERROR from the Clinton common pleas.   Platt sued Sherry in a justice's court, in an action *on the case*, for malfeasance .as a constable, and the cause was removed by appeal into the common pleas.   An execution on a judgment in favor of Platt

against one Cochran, was put into Sherry's hands, with direc-
tions to levy it on the property of Cochran ; he did levy on
some property, and after doing so, informed an agent of the
plaintiff that he was afraid that the property did not belong to
Cochran, but did not ask for any indemnity ; subsequently,
without selling the property, he committed Cochran to prison
on the execution, who in due time obtained his discharge.
On these facts the plaintiff rested, and the defendant moved
for a *nonsuit,* because, 1st. It had not been shewn that any
property of Cochran had been pointed out to the constable ;
2d. That no bond of indemnity had been tendered to him ; and
3d. That the statute having given remedy by action of *debt*
in cases of this kind, *case* would not lie. The court sustained
the last objection. The plaintiff then offered to prove that
Cochran had sufficient property from which the constable
might have satisfied the execution ; but the court being of opi-
nion that *case* could not be maintained, refused to receive the
evidence, nonsuited the plaintiff, and awarded *double* costs to
the defendant. The plaintiff sued out a writ of error.

*W. C. Watson,* for plaintiff in error.

*J. D. Woodward,* for defendant in error.

*By the Court,* NELSON, J. The common pleas, in nonsuit-
ing the plaintiff, were probably governed by the case of *Pierce*
v. *Sheldon,* 13 Johns. R. 191, which was an action on the case,
for *neglecting to serve or return* the execution within the limit-
ed time, and the judgment was reversed for a misconception
of the action. No reason or authority is given for this decis-
ion, except that the statute provided a remedy expressly " by
action of debt." 1 R. L. 395. Laws of 1824, p. 289, § 17. In
this case the action is founded upon the express *malfeasance*
of the officer in making a levy upon property sufficient to sa-
tisfy the execution, and then voluntarily relinquishing it for the
body. An action on the case is the appropriate remedy at
common law. 1 Chitty, 140. See Precedents, vol. 2, 365, 6.
*Rogers* v. *Brewster,* 5 Johns. R. 125. *Bartlet* v. *Crozier,* 15
id. 250. It is a very clear, if the statute had not given the

NEW-YORK, action of debt against the constable for a violation of his duty
May, 1831. the party injured would have resorted to the common law
action upon the case ; for there would be a lamentable defect
Platt
v.
Sherry. of justice in most cases of misfeasance of these officers, if re-
dress could not be obtained independent of statutory regula-
tions.   For maliciously and unreasonably executing process,
with intent to oppress, for keeping property in an unsafe place
upon execution, and exposing it to destruction, and in nume-
rous other instances, the only remedy is at common law.  *Jen-
ner* v. *Jolif,* 9 Johns. R. 385.   We can  discover  no reason
why the principle is not strictly applicable to this case, that if a
statute gives a remedy in the affirmative, without a negative
express or implied, (which is this statute,) for a matter that is
actionable at common law, the party may sue at common law,
as well as upon the statute.   6 Bac. Abr. 376, 7, g.   *Bonafous*
v. *Walker,* 2 T. R. 129, 32.   *Almy* v. *Harris,* 5 Johns. R.
175.   Though the statute gives an action of debt against the
sheriff for an escape, 1 R. L. 425, it has frequently been de-
cided that the remedy at common law is not thereby impaired.
*Rawson* v. *Dole,* 2 Johns. R. 455 ; *Bonafous* v. *Walker,* 2
T. R. 126 ; *Homan* v. *Liswell,* 6 Cowen, 659, was an action
on the *case,* against a constable, for not returning an execu-
tion, and this objection seems not to have been thought of.

There is no force in the position that constables are crea-
tures of the statute, unknown to the commom law, and that
their duties, and remedies for a violation of them are prescrib-
ed by the statute, for their office is a very ancient one, 1 Bac.
Abr. 683, and existed at common law ; 2 Hawk. ch. 10, §
33 ; though their duties were originally confined to the execu-
tion of criminal process ; and the cases above cited shew that
most of the remedies against them as civil officers must be, if
at all, at common law.

The plaintiff in the execution was not bound to tender a
bond of indemnity to the constable without a request, conced-
ing that a constable cannot summon a jury to try the right
of property, upon reasonable doubt as to title ; but we see no
objection, either in principle or practice, to the constable's ex-
ercising that power.   The same reasons which extend this
protection to the sheriff are equally applicable to him ; and in

in the case of *Townsend* v. *Phillips*, 10 Johns. R. 98, this power was exercised by a constable. The settled rule in this state is, that the plaintiff is not bound to tender a bond of indemnity until after the jury have passed upon the question of property, and the officer acts at his peril in making a return, *nulla bona*, unless in pursuance of the inquisition. *Center* v. *Patterson*, 8 Cowen, 65.

Had the plaintiff been properly nonsuited, the defendant would have been entitled to *double* costs, 8 Cowen, 416 ; but the court erred in nonsuiting the plaintiff, and the judgment must be reversed.