MARVIN R. CLARK as a Marshal, etc., Appellant, v. ALBERT G. WOODRUFF and others, Respondents.

*Bond of indemnity — levies made prior, and not those made subsequent thereto are covered by it.*

Where an officer acting under an execution requires a bond of indemnity from the plaintiff therein it will be presumed, unless the contrary clearly appear, that such bond is intended to relate only to property already levied upon, and not to property which may thereafter be levied upon, especially where the plaintiff in the execution has not directed such subsequent levy or approved thereof.

Appeal by the plaintiff from a judgment, entered in favor of the defendants upon the report of a referee.

*E. P. Wilder* and *A. C. Thomas*, for the appellant.

*John B. Leavitt*, for the respondents.

Ingalls, J.:

This action was brought by plaintiff to recover upon a bond of indemnity executed by the defendants to the plaintiff to protect him against loss, in consequence of seizing certain personal property by virtue of an execution issued upon a judgment recovered by Woodruff, Morris & Co. against Henry W. Webber, which bond is as follows:

"Know all men by these presents, that we, Albert C. Woodruff, Francis I. Morris and Charles Morgan are held and firmly bound unto Marvin R. Clark in the sum of $1,000, lawful money of the United States, to be paid to the said Clark, or to his certain attorney or attorneys, executors, administrators or assigns; for which payment, well and truly to be made, we bind ourselves, our and each of our heirs, executors and administrators, jointly and severally, firmly by these presents.

"Sealed with our seals.

"Dated the sixteenth day of March, in the year one thousand eight hundred and seventy-five.

" Whereas, the above bounden Woodruff, Morris and Morgan did obtain judgment in the Marine Court against H. W. Webber, whereupon execution has been issued, directed and delivered to the said Clark, requiring him, out of the personal property of the said judgment debtor, to satisfy the judgment aforesaid. And whereas, certain personal property that appears to belong to the said Webber is claimed by one Dickson, and also one Hunt.

" Now, therefore, the condition of the above obligation is such that if the above bounden Woodruff, Morris and Morgan shall well and truly save, keep and bear harmless, and indemnify the said Clark, and all and every person and persons aiding and assisting him in the premises, of and from all harm, let, trouble, damage, liability, costs, counsel fees, expenses, suits, actions, judgments, special proceedings and executions, that shall or may at any time arise, come, accrue, happen or be brought against him, them, or any of them, as well for the levying and making sale under and by virtue of such execution, of all or any personal property which he or they shall or may judge to belong to the said judgment debtor, as well as in entering any shop, store, building, or other premises, for the taking of any such personal property, then this obligation to be void, otherwise to remain in full force and virtue.

" Sealed and delivered in the presence of

        " WOODRUFF, MORRIS & CO.,   [L.S.]

        " FRANCIS I. MORRIS.       [L.S.]

" *City and County of New York, ss. :*

" I certify that on this 16th day of March, 1875, before me personally appeared Francis I. Morris, known to me to be a member of the firm of Woodruff, Morris & Co., plaintiffs in within mentioned action, and to be the individual described in and who executed the within bond, and severally acknowledged that they executed the same.

        " JOHN BROOKS LEAVITT,

                " *Com. of Deeds.*"

Previous to the giving of the said bond the plaintiff, as such marshal, had levied upon certain personal property by virtue of said execution, as the property of Webber, the defendant named

therein, which was contained in two stores — one located upon Broadway, the other on Sixth avenue. The goods levied upon in the store on Broadway were claimed by one Barbara Ann Hunt. And those in the store on Sixth avenue were claimed by A. E. P. Dixon (written in the bond Dickson). The goods levied upon in the last named store were after the levy eloined. Subsequent to the execution of the bond, and without the knowledge or direction of the plaintiffs in the execution, the plaintiff herein levied upon other personal property in a store situated on Third avenue, and which was claimed by one Sarah P. Hunt, who sued for and recovered the value thereof, of the plaintiff in this action, amounting to $519.95. And he instituted this action upon the said bond, to be reimbursed for the money, which he has thus been compelled to pay in consequence of the levy upon and sale of said last mentioned goods. There was considerable conflict in the evidence given upon the trial, and the conclusions which the referee has drawn therefrom are so far supported by competent evidence that this court should not interfere with his determination upon such questions of fact. The conclusions of law found by the referee, and contained in his report in this action, are as follows, namely :

I. As conclusions of law, the subscriber, referee as aforesaid, further finds and reports that the negligence of the plaintiff, as a marshal, in the performance of his duty under the said execution by suffering the property levied on by him to be eloined or taken from his possession, arose out of the transactions or matters mentioned in the bond of the defendants to the plaintiff, and constituted a legal counter-claim against any damages or costs sustained by the plaintiffs from any breach of the condition thereof. No damage, however, was sustained by the defendants herein from the said cloinment or taking from the plaintiff of the property levied on as aforesaid at the store in Sixth avenue, inasmuch as the said Webber, the defendant in said execution, had no title or interest therein subject to levy or sale under the said execution.

II. There was no mistake, accident or fraud in respect to the execution and delivery of the said bond of indemnity.

III. The carelessness of the defendants herein, in regard to their want of knowledge of the terms of the bond, constitutes no ground for reforming its provisions.

IV. The terms of the bond do not enlarge the power or authority of the plaintiff, as marshal, in respect to his duty.

V. No levy having been made on the property in the Third avenue store at the time of the delivery of the bond, it must be presumed that it was not the intention of the parties at that time to give or require indemnity in respect to a levy or sale thereof.

VI. The plaintiff, in this case, having proceeded to make the levy and sale of the property in the Third avenue store without the knowledge or authority of the defendants herein, cannot claim indemnity under the said bond. The assumed commission to him to judge as to the property which might or should belong to the judgment debtor cannot operate to protect him.

VII. The whole force and effect of the bond is to indemnify the plaintiff for what he might do as a marshal under the execution issued to him with the knowledge or approbation of the defendants herein. Whatever he did without such knowledge or approval, he did at his own risk.

VIII. The defendants must have judgment dismissing the complaint with costs.

All of which is respectfully submitted.

NEW YORK, *November* 2, 1877.

WILLIAM H. LEONARD,

*Referee.*

The learned referee seems to nave placed his decision upon the ground, that in legal effect the bond of indemnity had reference merely to levies made by the plaintiff upon the goods in the stores upon Broadway and Sixth avenue, and did not in terms, and could not have been intended to apply to the levy upon the property in the store on Third avenue, as no such levy was at the time of the execution of the bond contemplated. We deem this view of the case defensible. This action is upon the bond, and is not adapted to the settlement of all the equities which may exist between all of the parties growing out of the entire transactions connected with the effort to collect the money upon the judgment and execution against Webber. The bond must receive a reasonable interpretation in the light of all the circumstances which attended its execution. At the time it was executed no seizure had been made by

the plaintiff of the goods in the store on Third avenue. We think the bond shows upon its face quite clearly the subject-matter to which it was intended to apply, as the written part thereof contains the following recital: "And, whereas, certain property which appears to belong to the said Webber is claimed by one Dixon, and also one Hunt." The evidence shows that the two persons referred to were A. A. B. Dixon and Barbara Ann Hunt, being the persons who claimed the property which had been levied upon prior to the giving of the bond. This recital pointed out the subject to which the following printed portion of such bond must have been intended to refer, and we think it but reasonable to conclude that the bond was intended to indemnify the plaintiff against any loss to which he should be subjected in consequence of the seizure and sale of the property which he had then levied upon, and which was claimed by the persons named in the bond. It can hardly be supposed that the parties who executed the bond intended to create a roving commission by which the plaintiff would be at liberty to seize, by way of experiment, any property which he might even judge to belong to others, and rely upon such bond for protection against loss. The printed and formal part of the bond should not be allowed to prevail over the written portion thereof, especially so as the latter indicates so clearly the intention of the parties in executing the bond. This construction is also in harmony with the well-established practice in regard to the duty of an officer who is charged with the collection of money by execution. He is required by law to seize the property found in the possession of the debtor, and if another person interposes a claim to it, the officer may call a jury to inquire in regard to the title, and if they find in favor of the claimant, he can then require a bond of indemnity as a condition to his selling such property. (*Platt* v. *Sherry*, 7 Wend., 236; *Williams* v. *Loundes*, 1 Hall, 579; *Bayley* v. *Bates*, 8 Johns. Rep., 185; *Van Cleef* v. *Fleet*, 15 id., 147.) Doubtless a bond of indemnity may be executed in anticipation of a levy, but as such is not the ordinary practice, it should clearly appear that such was the intention of the parties before such an effect should be given to the bond. If the plaintiff intended to be indemnified in regard to the seizure and sale of the

Third avenue property, he should have specially required it of the defendants, or at least have procured their direction in regard to the disposition of such property, both of which he omitted according to the finding of the referee, which we must assume to be correct. The plaintiff voluntarily assumed the duties and responsibilities of the office of marshal, and should not complain of the burden which it imposed. We conclude that the cause was correctly decided by the referee, and that the judgment should be affirmed, with costs.

BRADY, P. J., and DANIELS, J., concurred.

Judgment affirmed, with costs.