PAUL JONES, Appellant, *v.* HARRY HUTER, Respondent.

Supreme Court, Appellate Term, Second Department, October 22, 1929.

*John H. Leddy*, for the appellant.

*Judson D. Campbell*, for the respondent.

PER CURIAM. Judgment unanimously reversed upon the law and a new trial granted, with thirty dollars costs to appellant to abide the event. The defendant, a city marshal, was not entitled to an indemnity bond from the plaintiff until the claim of the third party had been established, as provided for by sections 696 and 697

of the Civil Practice Act. (*Curtis* v. *Patterson*, 8 Cow. 65; *Williams* v. *Lowndes*, 1 N. Y. Super. Ct. 579; *Platt* v. *Sherry*, 7 Wend. 236; *Craft* v. *Brandow*, 24 Misc. 306, 307.) The execution delivered to the marshal on December ninth was a lien upon the car under section 679 of the Civil Practice Act, and had priority over the chattel mortgage which was filed on December tenth (*Baker* v. *Hull*, 250 N. Y. 484, 488) unless it is established that the mortgage was executed in good faith and without notice. (Civ. Prac. Act, § 683.) The chattel being in the possession of the judgment debtor, who was the mortgagor, it was *prima facie* subject to levy and sale which could only be defeated by proof that there was default under the mortgage, and that the mortgagee had the right to possession with only an equity to redeem remaining in the mortgagor. (*Leadbetter* v. *Leadbetter*, 125 N. Y. 290; *Porter* v. *Parmley*, 52 id. 185; Thomas Mort. [3d ed.] §§ 334, 335; *Powers* v. *Elias*, 53 N. Y. Super. Ct. 480.) The measure of damages is the amount of the execution, the marshal being at liberty to mitigate the amount by showing affirmatively that the whole sum could not have been collected if due diligence had been exercised in executing the process. (*Bowman* v. *Cornell*, 39 Barb. 69; *Humphrey* v. *Hathorn*, 24 id. 278, 279; *Ledyard* v. *Jones*, 7 N. Y. 550.)

All concur; present, CROPSEY and LEWIS, JJ.