SAMANTHA BURTON, Plaintiff, *v.* HENRY JURGENSEN and Another, Defendants.

County Court, Delaware County, January 16, 1930.

*Elmer Baker*, for the plaintiff.

*Herbert C. Kibbe*, for the defendants.

McNaught, J. The plaintiff recovered a judgment in Justice's Court of the town of Sidney against the defendant for fifty-eight dollars and ninety-two cents damages and costs. The defendant appealed from said judgment to the County Court. The judgment was affirmed, with twenty dollars costs. On the 9th day of August, 1929, judgment of affirmance was duly docketed in Delaware county clerk's office in favor of the plaintiff and against the defendant for eighty dollars and fifty cents. On the same day an execution against the property of the defendant was duly issued and delivered to the sheriff.

The sheriff, through his deputy, one William R. Dickinson, on the 16th day of August, 1929, at the village of Sidney, went to a point where an old school building which had been sold at auction was being moved. The defendant had bid off said building at an auction sale held a short time previously. The defendant was at said building, and the deputy sheriff states in his affidavit that he had a conversation with defendant, told him he was levying on the building and fixtures, and that he must not interfere with any part of it, or remove any part of it; that the defendant stated he was taking apart a furnace and asked if he might finish the same, and the deputy sheriff told him he might do so, but must not remove any part of it. The following day the deputy sheriff was informed by the attorney for the plaintiff that the building was being torn down and carried away. With the attorney for the plaintiff, the deputy sheriff went to the building and found the defendant and one Earl Balderston and several other workmen working in the building tearing it down and loading on a truck. Thereupon both the deputy and the attorney for the plaintiff forbade the defendant from continuing to tear the building down and load it on the truck. The defendant, however, did not desist, and the building dis-

appeared. This proceeding has been instituted to punish the defendant for contempt of court in destroying and removing the property levied upon under the execution issued upon the judgment above mentioned.

The defendant contends that the building in question was the property of his wife and was purchased by her at the sale thereof. He also contends that the deputy sheriff did nothing physical in taking possession of the building or in his acts commanding the defendant to desist from removing it.

A number of technical objections have been interposed to the proceeding on the part of the defendant, but the court is of the opinion they are without substantial merit.

The sole question seems to be whether a levy was made, and, if so, whether the act of the defendant in contemptuously disregarding the mandate of the court was such as to defeat, impair, impede or prejudice the rights of the plaintiff.

The building having been sold and ready for removal and its removal having been commenced, it was personal property. The sheriff was not obliged to take manual possession of it. The possession of the execution, the act of the deputy sheriff, and the notice to the defendant at the time were sufficient to constitute a valid levy under the execution in the possession of the sheriff.

If the property levied upon is not the property of the judgment debtor, and, therefore, not liable to sale in satisfaction of the execution, a complete and adequate remedy is provided by statute for the protection of the rights of whoever may claim to own the property. When, in this case, the property was levied upon, if it was claimed by or in behalf of the wife of the defendant as her property, all that was necessary was to present an affidavit to the sheriff in behalf of such person, stating that the claim was made, the property to which it related, its value, and the damages which the claimant would suffer in case such levy was not released. (Civ. Prac. Act, § 696.) The sheriff in his discretion could have impaneled a jury to try the validity of the claim. The rights of the claimant would have been fully protected, and it was the proper and legal course of procedure. The defendant chose to disregard the mandate of the court and to treat as of no consequence the acts of the officer of the court under such mandate and pursuant to its authority. The acts of the defendant constituted an apparent wanton and willful contempt of the court and its process. His conduct and his acts were without justification or excuse. The facts present a clear case of contempt, and the defendant should be punished.

This proceeding is not a proper proceeding to determine the question of title. The proceeding referred to above was designed

to meet such a situation as existed in this case. The parties did not see fit to avail themselves of the remedy provided by law, but proceeded to act in the manner stated.

There has been considerable discussion both on oral argument and in the briefs, relative to the question of residence. It is quite vigorously contended that this court has no jurisdiction because the defendant is a resident of the county of Chenango. The action was brought in the county of Delaware in the town of Sidney. Both parties recognized, and it is indisputable, that the Justice's Court had jurisdiction of the action. The defendant appealed to the County Court of Delaware county. The judgment was duly rendered and execution issued. The defendant was within the county of Delaware. The property levied upon by the sheriff, and which was removed and destroyed by the defendant, was at the time of the levy and at the time of the notice from the sheriff to the defendant, in the town of Sidney, in the county of Delaware. All of the acts constituting contempt and disregard of the mandate and process of the court were committed by the defendant in the county of Delaware. Clearly and unquestionably the misconduct of Jurgensen has defeated, impaired, impeded or prejudiced the plaintiff's remedy upon her judgment, because she cannot now reach the property by execution, and by reason of such misconduct the defendant is adjudged in contempt of court.

Apparently the respondent Earl Balderston in this proceeding was an employee of the defendant, or acting under his direction. While his assistance in the acts subjects him to severe criticism and technical contempt, I do not feel that he should be punished in this proceeding.

Under the provisions of the Judiciary Law, I adjudge the defendant Henry Jurgensen in contempt of court, and, under the authority of section 773, will impose upon him a fine of the amount of the judgment with interest to the date of the order and in addition fifty dollars and the actual disbursements paid by the plaintiff on account of this proceeding. An order in accordance with this memorandum may be prepared and settled before the court at Delhi on any Monday on three days' notice. At the time of the settlement, the exact amount of the fine will be determined by the court.