MILTON L. LEVY, as Executor, etc., of EVA C. SMITH, Sometimes Known as EVA WALZER, Deceased, Respondent, v. S. & H. TRUCKING CORPORATION and JACOB ROSEN, Appellants.— In view of the decision of the appeal (post, p. 842), decided herewith, the motion for a stay is dismissed, without costs. Present — Lazansky, P. J., Young, Kapper, Hagarty and Davis, JJ.

GENE PASCUCCI, Respondent, v. LEO DEZON and WILLIE GOLDSTEIN, Doing Business under the Firm Name and Style of WALLABOUT LAUNDRY COMPANY, Appellants.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ.

KATIE E. SOMMER, Appellant, v. LYDIA G. NICOSIA, etc., Defendant, and SALLY M. PARISI, Also Known as SALVATORE PARISI and SALVATORE M. PARISI, Respondents.— Motion of plaintiff to amend the record granted. Present — Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ.

B. ALTMAN & Co., Appellant, v. BROAD PARK PLAZA . CORPORATION and Another, Defendants, Impleaded with THOMAS F. REYNOLDS, Sheriff of Westchester County, Respondent.— Judgment modified by reducing the amount of recovery from $178.25 to $68.25, the difference representing eleven months' storage at $10 a month, and as so modified unanimously affirmed, with costs to appellant. We are of opinion that, upon the filing with him of the claimant's affidavit, it was the duty of the sheriff forthwith — or at least before incurring storage charges — to impanel a jury to determine claimant's title. The sheriff was not entitled to an indemnity bond from the plaintiff until the claim of the third party had been established. (Jones v. Huter, 136 Misc. 49, and cases cited.) It is plain, by section 697 of the Civil Practice Act, that a jury's determination as to title must precede the requirement of an undertaking from the judgment creditor. Likewise, by section 104 of the Civil Practice Act, the taxation of the sheriff's fees can only follow a jury's finding of title and right of possession. We conclude, therefore, that the storage charge for eleven months, before a jury was impaneled to try title, was improper, as was the sheriff's demand of the judgment creditor for a bond of $9,250, the jury having finally determined the value of the property to be but $250. Present — Lazansky, P. J., Young, Kapper, Hagarty and Davis, JJ.