MORRIS J. HIRSHORN, Plaintiff, *v.* A. L. TUSKA, SON & CO., INC., and Others, Defendants.

Supreme Court, New York County, March 29, 1935.

*Rudolph Eisenberg,* for the plaintiff.

*Sidney B. Hoenig,* for the defendant Tuska.

McLAUGHLIN, J. A judgment creditor obtained a warrant of attachment which was valid when it was delivered to the attorney and by the attorney to the marshal. The summons was delivered to the marshal at the same time for service. The summons was never served and the method of levying the attachment made the levy invalid and the taking of the property a conversion. The marshal made a return that he had served the summons, which he thought he had done, but as a matter of law the return was false. On that return, however, the judgment was entered. As there

never was any levy under the attachment, there was no jurisdiction over the defendant in that action (the plaintiff here) in addition to the fact that he was never served. The judgment therefore was a nullity. The fact that the warrant was valid on its face would protect the marshal if that was all he did. That point does not arise here. The invalidity of the attachment levy and the invalidity of the judgment were due to the marshal's wrong. He committed a conversion. He is liable for the value of the property on the date of the conversion. As to him, that date is the date of the void levy under the warrant. The creditor, however, is not liable for that conversion, as the creditor did not hire the marshal to commit a conversion on the levy of the warrant. But an execution which is a nullity does not protect the one who issues it, merely because he did not know it was a nullity. He must know. The date of the conversion as to the creditor is the date when its servant, the marshal, seized the goods under the null execution. That is exactly what the creditor hired the marshal to do. The court refuses to interfere with the finding of the jury that the value of the goods was on both dates sufficient to support the verdict.

The motion made by the defendant Tuska to set aside the verdict and order a new trial is denied. The similar motion made by the marshal is denied.