Frank J. Huss, Plaintiff, *v.* Plumbers' Supply House, Inc., and Others, Defendants.

Municipal Court of New York, Borough of Manhattan, Ninth District, June 29, 1935.

*Harry W. Pitt,* for the plaintiff.

*Morris Schmulbach,* for the defendant Plumbers' Supply House, Inc.

*Philip Weiss* [*Irving Winter* of counsel], for the defendant Steele.

Genung, J.   This action for conversion was duly referred by me to an arbitrator, and, pursuant to agreement of the parties, judgment was to be entered by the court upon the decision of said arbitrator.   The decision herein is as follows:

Paul T. Kammerer, Jr., Arbitrator.   This is an action brought by the plaintiff against the defendants for the conversion of an automobile on January 4, 1935.

The plaintiff loaned certain moneys to one Harry Schapiro on or about November 3, 1934, to the extent of $150, knowing at the time that the said Schapiro was a judgment debtor of the defendant Plumbers' Supply House, Inc.   Schapiro alleged that he purchased with part of these moneys a certain automobile which is the subject of this proceeding and executed to the plaintiff herein a promissory note in the sum of $150 and a chattel mortgage on the said automobile for a like amount.

Thereafter, and on the 9th day of November, 1934, the original chattel mortgage was duly filed and recorded in the office of the register of the county of New York, and subsequently, and on January 4, 1935, the automobile which was the subject of this chattel mortgage was levied upon by the defendant marshal herein, pursuant to an execution lodged with him by the defendant Plumbers' Supply House, Inc., against Harry Schapiro, the mortgagor, in the sum of $61.99.

The marshal immediately took possession of the said automobile and subsequently, pursuant to law, duly advertised and completed the sale thereof at public auction; the automobile was purchased at this auction sale by the defendant Plumbers' Supply House, Inc.

This action for conversion was brought against the defendants upon the theory, as stated by the plaintiff in his bill of particulars, that he relied upon a certain clause in the chattel mortgage which is commonly called the "insecurity clause," which gives the mortgagee the right at any time when he deems the security afforded by his mortgage unsafe or at any risk, to declare the entire amount of the mortgage to become due and payable immediately. It was admitted that there was no default in the payment of any installment or interest relative to the promissory note, but the plaintiff claimed that when he became aware of what he considered an attempted levy, that he immediately elected to deem his security impaired and that the mortgage should become due and payable. The action of the marshal, therefore, as the plaintiff claims, in levying upon and selling the automobile after alleged notice to him of such mortgage by the plaintiff, and that the plaintiff elected that the mortgage should become due and payable, constituted a conversion for which both defendants were liable in damages.

The claim by a third party to property subject to execution is governed by the provisions of section 696 of the Civil Practice Act which is as follows: "Claim of property by third person. If personal property levied upon as the property of the judgment debtor is claimed by or in behalf of another person, as his property, an affidavit may be made and delivered to the sheriff in behalf of such person at any time while such property or the proceeds thereof are in the sheriff's possession stating that he makes such a claim; specifying in whole or in part the property to which it relates, and in all cases stating the value of the property claimed and the damages, if any, over and above such value, which the claimant will suffer in case such levy is not released. In that case the officer, in his discretion, may empanel a jury to try the validity of the claim."

We are not concerned at this time as to whether or not the complaint herein states sufficient facts to constitute a cause of action.

The pleadings were oral and a bill of particulars was supplied by the plaintiff, and there were ample grounds set forth therein to indicate the basis of this action and for the purposes of this proceeding the complaint will be deemed sufficient.

Much testimony was adduced at the hearing upon the question of the insolvency of the mortgagor, and of fraud in the making of the chattel mortgage and the execution of the promissory note. For the purposes of this decision, we shall disregard the evidence upon these points, as we believe that the question of the actual notice to the marshal, and the rights of the other defendant by reason of such notice are the paramount questions to be decided.

The testimony presented by the plaintiff herein falls far short of indicating that any actual notice was given by the plaintiff to the marshal at the time of the levy herein. In fact, the evidence sets forth that no legal and acceptable proof was submitted until after the sale had taken place. The defendant marshal testified that on numerous occasions he was orally informed by third persons that they had an interest in the chattel upon which he was levying, and from experience it is well known that such statements and demands are often made without the necessary and formal action required to prove or maintain such assertions. It was to overcome such a prevalent condition that the statute indicated was enacted. For these reasons, the procedure on the part of the plaintiff was ineffective. (*Burton* v. *Jurgenson*, 138 Misc. 69.)

The chattel being in the possession of the judgment debtor, who was likewise the mortgagor, it was *prima facie* subject to levy and sale; this action could only be defeated by proof that there was default under the mortgage and that the mortgagee had the right to possession with only an equity to redeem remaining in the mortgagor. (*Jones* v. *Huter*, 136 Misc. 49.)

The defendant Plumbers' Supply House, Inc., was not liable under the facts in this case, because the execution was valid when delivered to the marshal, and even if there had been a conversion by the marshal, no liability would attach to the creditor as the marshal had not been hired to commit a conversion. (*Hirshorn* v. *Tuska, Son & Co.*, 156 Misc. 453.)

It is apparent, therefore, both from the testimony adduced and from the law applicable to the facts in this case, that there was no conversion of the plaintiff's property, and that the procedure of the defendants herein in levying upon the automobile was proper, and judgment should be accordingly entered for the defendants.

Upon the foregoing decision of the arbitrator herein, judgment is decreed in favor of the defendants.